UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RALPH BRASINGTON JR., individually, and on behalf of others similarly situated, | Case No. |
| Plaintiff, | |
| vs. | |
| THE OPERATIONS GROUP INC., | |
| Defendant. | |

## COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff Ralph Brasington Jr., by and through his undersigned counsel, on behalf of himself and on behalf of all others similarly situated, alleges against Defendant The Operations Group Inc., as follows:

### I.     PRELIMINARY STATEMENT

1.     This collective and class action seeks relief from Defendant's willful misclassification of its Field Organizers as independent contractors, resulting in Defendant's violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., the California Labor Code, California Industrial Welfare Commission Order Regulating Wages, Hours, and Working Conditions in the Professional, Technical, Clerical, Mechanical and Similar Occupations ("IWC Order 4-2001"), and the California Private Attorneys General Act ("PAGA"), § 2699, *et seq*.

2.     Defendant The Operations Group Inc. is a campaign consulting firm specializing in voter contact, Get-Out-The-Vote operations, and campaign strategy.

3.     Defendant hires Field Organizers to assist with its campaign projects in California and other states throughout the country, which typically last several weeks. For each project,

Defendant assigns Field Organizers to a temporary office close to the campaign site and requires them to relay communications between Defendant's management and its canvassers, compile and process campaigning data and forms, and engage in in-person canvassing.

4.      Defendant classifies Field Organizers as independent contractors, and pays them a fixed amount for each project. However, Defendant's classification of Field Organizers as independent contractors is improper, because Defendant exercises significant oversight, direction, and control over Field Organizers' work, thus rendering them employees under the FLSA and California law.

5.      Defendant violated the FLSA by failing to pay Field Organizers a fixed amount for each project which did not include any premium compensation for hours worked in excess of 40 in a workweek.

6.      Plaintiff, on his own behalf and on behalf of the "FLSA Collective," defined to include all persons who work or worked for Defendant as Field Organizers and any other employees performing the same or similar duties for Defendant, within the United States, at any time from three years prior to the filing of this Complaint to the final disposition of this action, seeks unpaid overtime compensation under the FLSA, plus liquidated damages, attorneys' fees, and costs.

7.      Defendant violated the California Labor Code with respect to work performed by Plaintiff and other Field Organizers in California by a fixed amount for each project which did not include any weekly or daily overtime compensation, failing to provide meal and rest breaks, accurate, itemized wage statements, or reimbursement for business expenditures incurred and required by their jobs, and failing to timely pay all wages due.

8.      Plaintiff, on his own behalf and on behalf of the "California Class," defined to

include all persons who work or worked for Defendant as Field Organizers and any other employees performing the same or similar duties for Defendant, within California, at any time from four years prior to the filing of this Complaint to the final disposition of this action, seeks unpaid overtime wages, wages and civil penalties arising from Defendant's failure to provide meal and rest breaks, reimbursement for business expenditures incurred and required by their jobs, and any liquidated damages or civil penalties arising from such relief, plus attorneys' fees and costs.

9.      Plaintiff, on his own behalf and on behalf of the "Waiting Time Penalties Subclass," defined to include all California Class members who no longer work for Defendant and have not worked for Defendant for more than 72 hours within three years prior to this action's filing date through the final disposition of this action, seeks wages and civil penalties arising from Defendant's failure to timely pay wages due under California Labor Code §§ 201-203, plus attorneys' fees and costs.

10.     Plaintiff, on his own behalf and on behalf of the "Itemized Wage Statement and PAGA Penalties Subclass," defined to include all California Class Members who are currently working at Defendant or were working at Defendant at some point within the year preceding the filing of the initial Complaint in this action, seeks wages and civil penalties arising from Defendant's failure to provide accurate, itemized wage statements as required by California Labor Code §§ 226, 226.3, plus attorneys' fees and costs.

## II.     THE PARTIES

11.     Plaintiff Ralph Brasington Jr. is an adult resident of Fairfax County, Virginia.

12.     Plaintiff worked for Defendant as a Field Organizer in Los Angeles County, California on a project based out of Palmdale, California from approximately February 13, 2020

– March 4, 2020.

13.     Plaintiff's written consent form is filed herewith, pursuant to 29 U.S.C. § 216(b). *See* Exhibit 1.

14.     Defendant The Operations Group Inc. is a Pennsylvania corporation with a principal place of business at 1426 Montrose St., Philadelphia, Pennsylvania 19146.

### III.     JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this case is brought under the FLSA.

16.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

17.     The Court has personal jurisdiction over Defendant because Defendant is incorporated in Pennsylvania.

18.     Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(1), because Defendant resides in this district.

### IV.     GENERAL ALLEGATIONS

19.     Plaintiff and similarly situated Class Members worked for Defendant as Field Organizers, and at all relevant times, were subject to the policies and practices alleged herein.

20.     Field Organizers' job duties include relaying communications between Defendant's management and its canvassers, compiling and processing campaigning data and forms, and engaging in in-person canvassing.

21.     Defendant classified Plaintiff as an independent contractor.

22.     Defendant classified other Field Organizers as independent contractors.

23.     Defendant classified Plaintiff as exempt from overtime.

24.     Defendant classified other Field Organizers as exempt from overtime.

25.     Defendant willfully misclassified Plaintiff and other Field Organizers as independent contractors.

26.     Field Organizers are not free from Defendant's control or directions in connection with the performance of their work.

27.     Field Organizers' work is not outside the usual course of Defendant's business.

28.     Field Organizers are not customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed for Defendant.

29.     Field Organizers do not have the opportunity to use independent business judgment to realize profits or losses associated with their work.

30.     Defendant deprives Field Organizers of overtime compensation, meal and rest period premiums, and other compensation, as well as reimbursement for all necessary business expenses, by virtue of misclassifying them as independent contractors (among other standard employee protections such as workers compensation coverage, unemployment insurance coverage, payroll taxes, etc.).

31.     Defendant pays Field Organizers on a piece-rate basis consisting of a fixed amount based on each project they complete.

32.     Field Organizers do not receive any additional or premium compensation on account of working overtime hours.

33.     Field Organizers incur work-related expenses including but not limited to expenses for travelling home from their assigned temporary offices, usage of their personal cell phones for work-related purposes,  rideshare fares for local trips, lodging expenses, and other miscellaneous office expenses.

34.     Defendant has no policy to provide an uninterrupted, thirty-minute meal period to Field Organizers who work more than five hours, or a second thirty-minute meal period to Field Organizers who work more than ten hours in a day. Field Organizers regularly work days without receiving a duty-free meal period.

35.     Defendant has no policy to make available a ten-minute rest period to Field Organizers who work more than 3.5 hours, or a second ten-minute break after six hours. Field Organizers regularly work days without receiving a duty-free ten-minute rest break.

36.     Upon information and belief, Defendant has never paid a single meal or rest period premium for missed meal or rest periods, as required under California Labor Code section 226.7 and IWC Wage Order 4-2001.

37.     Upon information and belief, Plaintiff and similarly situated Class Members never signed valid meal period waivers.

38.     Field Organizers do not receive itemized wage statements showing their total hours worked, their applicable piece rates, their name, or Defendant's legal name.

39.     As a result of Defendant misclassifying the Class Members as "independent contractors," Defendant has willfully and knowingly failed to pay Plaintiff, and similarly situated Class Members, upon cessation of employment, all accrued compensation, including repayment of all unlawful deductions from wages, payment of missed meal and rest period compensation, and payment of overtime compensation.

## V.     COLLECTIVE ACTION ALLEGATIONS

40.     Plaintiff brings this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

**FLSA Collective:** All persons who work or worked for Defendant as Field

Organizers and any other employees performing the same or similar duties for Defendant, within the United States, at any time from three years prior to the filing of this Complaint to the final disposition of this action.

41.     The primary job duties of Plaintiff and members of the FLSA Collective included relaying communications between Defendant's management and its canvassers, compiling and processing campaigning data and forms, and engaging in in-person canvassing..

42.     Upon information and belief, Defendant suffered and permitted Plaintiff and the FLSA Collective to work more than forty hours per week without overtime compensation.

43.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

44.     Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective, and as such, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## VI.    CALIFORNIA CLASS ACTION ALLEGATIONS

45.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

46.     Plaintiff brings all claims alleged herein under California law as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP") on behalf of all persons who worked in California during the Class Period. Plaintiff seek to pursue his claims on behalf

of the following defined class and subclasses:

**California Class:** All persons who work or worked for Defendant as Field Organizers and any other employees performing the same or similar duties for Defendant, within California, at any time from four years prior to the filing of this Complaint to the final disposition of this action.

**Waiting Time Penalties Subclass:** All California Class members who no longer work for Defendant and have not worked for Defendant for more than 72 hours within three years prior to this action's filing date through the final disposition of this action.

**Itemized Wage Statement and PAGA Penalties Subclass:** All California Class Members who are currently working at Defendant or were working at Defendant at some point within the year preceding the filing of the initial Complaint in this action.

47.     Numerosity: The Proposed California Class and Subclasses are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the relevant time period, Defendant employed at least 40 Field Organizers who are geographically dispersed and who satisfy the definition of the California Class Members and the Subclasses. The names and addresses of the California Class Members are available to the Defendant. Notice can be provided to California Class members via first-class mail and/or e-mail using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature.

48.     Typicality: Plaintiff's claims are typical of the California Class Members and each of the Subclass Members. Plaintiff, like other California Class Members and Subclass Members, was subjected to Defendant's common, unlawful policies, practices, and procedures. The claims of Plaintiff are typical of the claims of the California Class Members and Subclass Members who

Defendant misclassified as independent contractors. Defendant's common course of unlawful conduct has caused Plaintiff and similarly situated California Class Members (and where applicable, Subclass Members), to sustain the same or similar injuries and damages caused by the same practices of Defendant including not receiving overtime compensation, meal and rest breaks, accurate wage statements, reimbursements for all necessary business expenses, all wages due upon cessation of employment, and similar compensation provided by state and federal wage law. Plaintiff's claims are thereby representative of and co-extensive with the claims of the California Class Members and the Subclass Members.

49.     Plaintiff is typical of the proposed Waiting Time Penalties Subclass, in that he no longer works for Defendant, has not worked for Defendant for more than 72 hours, and is owed unpaid overtime compensation, meal and rest break premiums, and reimbursement for business expenses.

50.     Plaintiff is typical of the proposed Itemized Wage Statement and PAGA Penalties Subclass, in that he worked for Defendant within one year prior to the filing of this suit, and Defendant failed to issue him accurate itemized wage statements (or any wage statements whatsoever) and violated wage laws giving rise to PAGA penalties as described herein.

51.     <u>Adequacy</u>: Plaintiff is a member of the California Class and each of the Subclasses, does not have any conflicts of interest with other California Class Members or Subclass Members, and will prosecute the case vigorously on behalf of the California Class and Subclasses. Plaintiff will fairly and adequately protect the interests of the California Class Members and Subclass Members. Plaintiff has retained counsel competent and experienced in complex class actions, and federal and California wage and hour litigation.

52.     <u>Superiority</u>: A class action is superior to other available methods for the fair and

efficient adjudication of this controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants, and fear retaliation and blackballing in their industry. Prosecuting dozens of identical individual lawsuits statewide does not promote judicial efficiency, equity, or consistency in judicial results.

53.     Commonality: There are questions of law and fact common to Plaintiff and the California Class Members that predominate over any questions affecting only individual members of the class. These common questions of law and fact include, without limitation:

(a)     Whether Defendant maintained a policy or practice of misclassifying its Field Organizers as independent contractors, thereby failing to comply with California overtime pay and other wage and hour requirements;

(b)     Whether Defendant has employed California Class Members in a position subject to, and not exempt from, California overtime pay and other wage and hour requirements;

(c)     Whether the California Class Members have necessarily incurred employment-related expenses and losses in carrying out their duties for Defendant;

(d)     Whether Defendant has failed to properly indemnify California Class Members for their necessary employment-related expenses and losses in violation of California Labor Code section 2802;

(e)     Whether Defendant's failure to properly indemnify California Class Members for their necessary employment-related expenses and losses constitutes an unlawful, unfair, and/or fraudulent business practice under California Business & Professions Code section 17200 *et seq.*;

(f)     Whether Defendant failed to make available to California Class Members

10

adequate off-duty meal periods, and failed to pay premiums for missed meal periods in violation of California Labor Code sections 226.7 and 512 and IWC Wage Order 4-2001;

(g)     Whether Defendant's failure to make available to California Class Members adequate off-duty meal periods, and failure to pay meal period premiums for missed meal periods constitutes an unlawful, unfair, and/or fraudulent business practice under California Business & Professions Code section 17200 *et seq*.;

(h)     Whether Defendant unlawfully failed to provide timely ten-minute rest breaks to Plaintiff and California Class Members in violation of California Labor Code section 226.7, and IWC Wage Order 4-2001, and pay premiums when such breaks were missed;

(i)     Whether Defendant's failure to provide California Class Members with adequate rest periods, and failure to pay rest period premiums for missed rest periods constitutes an unlawful, unfair, and/or fraudulent business practice under California Business & Professions Code section 17200 *et seq*.;

(j)     Whether Defendant has required, encouraged, or permitted California Class Members to work in excess of 40 hours per week and/or eight hours per day;

(k)     Whether Defendant knew or should have known that its California Class Members regularly worked over 40 hours per week and/or eight hours per day;

(l)     Whether Defendant has failed to pay its California Class Members overtime wages for time worked in excess of 40 hours per week and/or eight hours per day;

(m)     Whether Defendant has violated IWC Wage Order 4-2001 and California Labor Code sections 510 and 1194 by their failure to pay California Class Members overtime compensation;

(n)     Whether Defendant's failure to pay overtime compensation to California Class

Members constitutes and unlawful, unfair, and/or fraudulent business practice under California Business & Professions Code section 17200 *et seq.*;

(o)     Whether Defendant has knowingly and intentionally failed to provide California Class Members with an itemized statement showing total hours worked with each payment of wages, as required by California Labor Code section 226 and IWC Wage Order 4-2001;

(p)     Whether Defendant's failure to provide an itemized statement showing total hours worked with each payment of wages constitutes an unlawful, unfair, and/or fraudulent business practice under California Business & Professions Code section 17200 *et seq.*;

(q)     Whether Defendant has violated California Labor Code section 1174 and IWC Wage Order 4-2001 by failing to maintain documentation of the actual hours worked each day by California Class Members;

(r)     Whether Defendant's failure to maintain documentation of the actual hours worked each day by California Class Members constitutes an unlawful, unfair, and/or fraudulent business practice under California Business & Professions Code section 17200 *et seq.*;

(s)     Whether Defendant has violated Labor Code sections 201-203 by failing to timely pay overtime wages to California Class members;

(t)     Whether Defendant's failure to pay all compensation owed to California Class Members at the time of cessation of employment constituted an unlawful, unfair, and/or fraudulent business practice under Business & Professions Code section 17200 *et seq.*;

(u)     Whether Defendant's actions were willful;

(v)     Whether Defendant engaged in a pattern and practice of misclassifying

employees;

(w)     The proper formula for calculating restitution, damages, and waiting time and other statutory penalties owed to Plaintiff and the California Class alleged herein.

54.     This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

55.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed California Class (and the Proposed California Subclasses) predominate over any questions affecting only individual members of the Proposed California Class (and Subclasses), and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the Proposed California Class members overtime pay, reimbursements, and other compensation to which they are entitled. The damages suffered by the individual Proposed California Class members are small compared to the expense and burden of individual prosecution of this litigation. Proposed California Class members fear workplace retaliation and being "blackballed" from obtaining future employment. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

56.     Plaintiffs intend to send notice to all members of the Proposed California Class (and each Subclass) to the extent required by Rule 23. The names, e-mail addresses, and mailing

addresses of the members of the Proposed California Class (and Subclasses) are available from Defendant.

**FIRST CAUSE OF ACTION**

**Failure to Pay Overtime Compensation in Violation of the FLSA, 29 U.S.C. § 207**

**(On Behalf of Plaintiff and the FLSA Collective)**

57.     Plaintiff, on behalf of himself and the FLSA Collective, alleges and incorporates by reference the allegations in the preceding paragraphs.

58.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216 (b). Plaintiff's written consent form is attached hereto as Exhibit `.

59.     At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

60.     At all relevant times, Defendant employed employees, including Plaintiff and the FLSA Collective.

61.     At all relevant times, Defendant has been an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

62.     At all relevant times, Defendant has been an enterprise that has employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

63.     The FLSA, 29 U.S.C. § 207, requires each covered employer, such as Defendant, to compensate all non-exempt employees at a rate of not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours per work week. Pursuant to 29 U.S.C. § 203(g), "hours worked" includes all hours Field Organizers were and are suffered or permitted to work.

64.     Plaintiff and the other FLSA Collective members worked in excess of forty hours in certain weeks. Despite the hours worked by Plaintiff and the FLSA Collective members, Defendant willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay them the appropriate overtime compensation for all hours worked in excess of forty.

65.     As a result of Defendant's willful and unlawful conduct, Plaintiff and the FLSA Collective have suffered damages in an amount, subject to proof, to the extent they were not paid overtime wages for all hours actually worked in excess of forty hours per week.

66.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendant has failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

67.     Pursuant to 29 U.S.C. §§ 207(a)(1) and 216(b), Plaintiff and the FLSA Collective are entitled to recover the full amount of unpaid overtime compensation, liquidated damages, interest thereon, reasonable attorneys' fees and costs of suit.

68.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a). Because Defendant willfully violated the FLSA, a three-year state of limitations applies to such violations.

### SECOND CAUSE OF ACTION

### Failure to Pay Overtime Compensation (California Labor Code §§ 510, 558, 1194, and 1198; California IWC Wage Order 4-2001)

### (On Behalf of Plaintiff and the Proposed California Class)

69.     Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

70.     Defendant employed Plaintiff and the members of the California Class.

71.     Plaintiff and the members of the California Class were not free from Defendant's control or directions in connection with the performance of their work.

72.     The work performed by Plaintiff and the members of the California Class was not outside the usual course of Defendant's business.

73.     Plaintiff and the members of the California Class were not customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed for Defendant.

74.     Pursuant to California Labor Code §§ 510, 1194 and 1198 and IWC Wage Order No. 5-2001, Defendant was required to compensate Plaintiff and the members of the California Class for all overtime, which is calculated at one and one-half (1.5) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive workday.

75.     During the applicable liability period, Plaintiff and the members of the California Class worked more than eight (8) hours and/or twelve (12) hours in one or more work days, more than eight (8) hours on the seventh consecutive workday, and more than forty (40) hours in one or more workweeks.

76.     Defendant failed to compensate Plaintiff and the members of the California Class for overtime hours.

77.     By failing to pay overtime compensation to Plaintiff and the members of the California Class as alleged above, Defendant has violated California Labor Code section 510 and

IWC Wage Order 4-2001, which require overtime compensation for non-exempt employees.

78.     By failing to maintain adequate time records as required by California Labor Code section 1174(d) and IWC Wage Order 4-2001, Defendant has made it difficult to calculate the overtime due to Plaintiff and the members of the California Class.

79.     As a result of Defendant's unlawful acts; Plaintiff and the members of the California Class have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, under California Labor Code section 1194.

**THIRD CAUSE OF ACTION**

**Failure to Provide Reimbursement of Business Expenses (California Labor Code § 2802)**

**(On Behalf of Plaintiff and the Proposed California Class)**

80.     Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

81.     Defendant is an "employer" within the meaning of § 2802.

82.     While acting on the direct instruction of Defendant and discharging their duties for them, Plaintiff and the members of the California Class incurred work-related expenses which Defendant, as a matter of policy, did not reimburse.

83.     Defendant also failed to Plaintiff and the members of the California Class for all work-related expenses including but not limited to expenses for travelling home from their assigned temporary offices, usage of their personal cell phones for work-related purposes, rideshare fares for local trips, lodging expenses, and other miscellaneous office expenses.

84.     Plaintiff and the members of the California Class incurred these substantial expenses and losses as a direct result of performing their job duties for Defendant.

85.     By requiring Plaintiff and the members of the California Class to pay expenses and cover losses that they incurred in direct consequence of the discharge of their duties for Defendant and/or in obedience of Defendant's direction without properly indemnifying for these losses, Defendant has violated California Labor Code section 2802.

86.     By unlawfully and failing to pay Plaintiff and the members of the California Class, Defendant is also liable for reasonable attorneys' fees and costs under Labor Code section 2802(c).

87.     As a direct and proximate result of Defendant's conduct, Plaintiff and the members of the California Class have suffered substantial losses according to proof, as well as pre-judgment interest, costs, and attorneys' fees for the prosecution of this action.

## FOURTH CAUSE OF ACTION

### Failure to Provide Meal Periods and Rest Breaks

### (California Labor Code §§ 226.7, 512, 558; California IWC Wage Order 4-2001)

### (On Behalf of Plaintiff and the Proposed California Class)

88.     Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

89.     Plaintiff and the members of the California Class regularly worked in excess of five (5) hours a day without being afforded at least a half-hour uninterrupted meal period in which they were relieved of all duties, as required by California Labor Code sections 226.7 and 512 and IWC Wage Order 4-2001.

90.     Plaintiff and the members of the California Class have regularly worked in excess of ten (10) hours a day without being afforded a second half-hour uninterrupted meal period in which they were relieved of all duties, as required by California Labor Code sections 226.7 and

512 and IWC Wage Order 4-2001.

91.    Because Defendant failed to afford proper meal periods, it is liable to Plaintiff and the members of the California Class for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to California Labor Code section 226.7 and IWC Wage Order 4-2001.

92.    Plaintiff and the members of the California Class regularly worked more than three and one-half hours in a day without being authorized and permitted to take a 10-minute rest period in which they were relieved of all duties, and regularly worked more than six hours in a day without being authorized and permitted to take two, 10-minute rest periods in which they were relieved of all duties per four hours or major fraction thereof, as required under California Labor Code section 226.7 and IWC Wage Order 4-2001. Plaintiff and the members of the California Class have regularly worked in excess of 10 hours without being authorized and permitted to take additional 10-minute rest periods in which they were relieved of all duties,

93.    Because Defendant failed to afford proper rest periods, it is liable to Plaintiff and the members of the California Class for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to California Labor Code section 226.7(b) and IWC Wage Order 4-2001.

94.    Defendant's failure to pay meal and rest period premiums was done willfully, in bad faith, in knowing violation of the California Labor Code and the IWC Wage Order.

95.    By violating California Labor Code sections 226.7 and 512, and IWC Wage Order 4-2001, Defendant is also liable for reasonable attorneys' fees and costs for enforcing the public interest underpinning the aforementioned Labor Code provisions, under California Code of Civil Procedure section 1021.5.

**FIFTH CAUSE OF ACTION**

**Failure to Provide Accurate Itemized Wage Statements (California Labor Code §§ 226, 226.3, and 1174; California IWC Wage Order 4-2001)**

**(On Behalf of Plaintiff and the Itemized Wage Statement and PAGA Penalties Subclass)**

96.     Plaintiff on behalf of himself and the Itemized Wage Statement Subclass alleges and incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

97.     California Labor Code section 226(a) and IWC Wage Order 4-2001 require employers semi-monthly or at the time of each payment of wages to furnish each California employee with a statement itemizing, among other things, the total hours worked by the employee. California Labor Code section 226(b) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

98.     Defendant knowingly and intentionally failed to furnish Plaintiff and similarly situated Subclass Members with timely, itemized statements showing the total hours worked, their applicable piece rates, their name, or Defendant's legal name, as required by California Labor Code section 226(a) and IWC Wage Order 4-2001. As a result, Defendant is liable to Plaintiff and similarly situated Subclass Members for the amounts provided by California Labor Code section 226(b).

99.     Defendant violated California Labor Code section 1174 and IWC Wage Order 4-2001 by willfully failing to keep required payroll records showing the actual hours worked each

day by Plaintiff and similarly situated Subclass Members. As a direct and proximate result of Defendant's failure to maintain payroll records, Plaintiff and similarly situated Subclass Members have suffered actual economic harm as they have been precluded from accurately monitoring the number of hours worked and thus seeking all accrued overtime and minimum wage pay.

100.   Plaintiff, on behalf of himself, and similarly situated Subclass Members, requests relief for the amounts provided by California Labor Code section 226(b).

101.   By violating California Labor Code sections 226 and 1174 and IWC Wage Order 4-2001, Defendant is also liable for reasonable attorneys' fees and costs for enforcing the public interest underpinning the aforementioned Labor Code provisions, under California Code of Civil Procedure section 1021.5.

### SIXTH CAUSE OF ACTION

### Late Pay and Waiting Time Penalties (California Labor Code §§ 201-203)

### (On Behalf of Plaintiff and the Waiting Time Penalties Subclass)

102.   Plaintiff on behalf of himself and the Waiting Time Penalties Subclass alleges and incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

103.   Defendant directly or indirectly controlled the pay of Plaintiff and the members of the Waiting Time Penalties Subclass. Defendant is responsible for making prompt payments to Plaintiff and the members of the Waiting Time Penalties Subclass.

104.   California Labor Code sections 201 and 202 require an employer to pay its employees all wages due within the time specified by law. Labor Code section 203 provides that if an employer willfully fails to pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a

maximum of thirty days of wages.

105.   Plaintiff and Subclass Members who ceased employment with Defendant are entitled to unpaid compensation, but to date have not received such compensation, more than 72 hours after the cessation of their employment.

106.   Defendant failed to pay the earned and unpaid wages of all Plaintiff and Subclass Members within 30 days from the time such wages should have been paid under Labor Code sections 201 and 202.

107.   Defendant willfully failed to timely compensate Plaintiff and Subclass Members all wages to which they were entitled, as alleged herein. As a result, Defendant is liable to Plaintiff and Subclass Members whose employment ended during the Class Period for waiting time penalties, together with interest thereon and reasonable attorneys' fees and costs, under California Labor Code section 203.

## SEVENTH CAUSE OF ACTION

## Violations of the Unfair Competition Law ("UCL") (California Business & Professions Code §§ 17200-17209)

## (On Behalf of Plaintiff and the Proposed California Class)

108.   Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

109.   Defendant improperly, fraudulently, and unlawfully classified Plaintiff and the members of the California Class as "independent contractors" and have thereby committed unlawful, unfair and/or fraudulent business acts and practices as defined by California Business & Professions Code section 17200, by engaging in the following:

(a)   Requiring Plaintiff and the members of the California Class to work for periods of five or more consecutive hours without having at least one half-hour, off-duty break for meals;

(b)     Failing to properly indemnify Plaintiff and the members of the California Class for employment-related business expenses and losses;

(c)     Failing to pay Plaintiff and the members of the California Class their premium wages earned while working without lawful mandated meal and rest breaks;

(d)     Failing to pay overtime compensation to Plaintiff and the members of the California Class;

(e)     Failing to provide accurate itemized wage statements to Plaintiff and the members of the California Class;

(f)     Failing to maintain accurate payroll records showing the actual hours worked each day by Plaintiff and the members of the California Class; and

(g)     Failing to pay all accrued overtime compensation, and meal and rest period compensation to Plaintiff and the members of the California Class upon cessation of employment.

110.    Plaintiff and the members of the California Class lost money and property as a result of Defendant's unlawful business practices described above.

111.    Pursuant to the UCL, Plaintiff and the members of the California Class are entitled to restitution of money or property gained by Defendant, by means of such unlawful business practices, in amounts not yet known, but to be ascertained at trial.

112.    Pursuant to the UCL, Plaintiff and the members of the California Class are entitled to injunctive relief against Defendant's ongoing unlawful business practices. If an injunction does not issue enjoining Defendant from engaging in the unlawful business practices described above, Plaintiff and the general public will be irreparably injured.

113.    Plaintiff and the members of the California Class have no plain, speedy, and

adequate remedy at law. Defendant, if not enjoined by this Court, will continue to engage in the unlawful business practices described above in violation of the UCL, in derogation of the rights of Plaintiff and Class Members and of the general public.

114.    Plaintiff's success in this action will result in the enforcement of important rights affecting the public interest by conferring a significant benefit upon the general public.

115.    Defendant's numerous violations of local and California law constitute unlawful business actions and practices in violation of Business and Professions Code section 17200, *et seq.*

116.    Pursuant to Business and Professions Code section 17200, *et seq.*, Plaintiff and the members of the California Class are entitled to restitution for all unpaid business expenses, overtime, meal period, and rest period compensation, and interest that were withheld and retained by Defendant during a period that commences four years prior to the filing of this action and a declaration that Defendant's business practices are unfair within the meaning of the statute, in addition to an award of attorneys' fees and costs pursuant to Code of Civil Procedure section 1021.5 and other applicable law, and costs.

## EIGHTH CAUSE OF ACTION

### Civil Penalties Pursuant to the Private Attorneys General Act of 2004 (Cal. Labor Code § 2698, et seq.)

### (On Behalf of Plaintiff and All Proposed Itemized Wage Statement and PAGA Penalties Subclass Members)

117.    Plaintiff on behalf of himself and the Itemized Wage Statement and PAGA Subclass alleges and incorporates by reference in this cause of action each allegation of the preceding paragraphs, as though fully set forth herein.

118.     During the period beginning one year prior to the filing of the initial complaint in this action, and in years prior to that, Defendant violated California Labor Code sections 201-204, 226, 226.3, 226.7, 226.8, 510, 512, 558, 1174(c)-(d), 1182.11, 1182.12, 1197, 1197.1, 1198 and 2802 as alleged in more detail above.

119.     California Labor Code section 2699 authorizes an aggrieved employee, on behalf of himself or other current or former employees, to bring a civil action to recover civil penalties against his employer pursuant to the procedures specified in Section 2699.3.

120.     Plaintiff has taken steps to ensure full compliance with the procedural requirements specified in California Labor Code 2699.3 as to each of the alleged violations. On March 1, 2021, Plaintiff provided notice to the LWDA and the employer of Plaintiff's claims based on the alleged Labor Code violations, including the facts and theories supporting these claims. *See* **Exhibit 2**.

121.     Pursuant to California Labor Code section 2699.3, if LWDA does not provide the parties with notice within 65 days of the postmark date of Plaintiff's letter, Plaintiff is entitled to civil penalties in this action on behalf of the State of California.

122.     Pursuant to California Labor Code sections 2699(a) and (f), and 2699.5, Plaintiff is entitled to recover civil penalties for Defendant's violations of California Labor Code sections 201-204, 226, 226.7, 510, 512, 1174(c)-(d), 1197, 1198, and 2802 during the Civil Penalty Period, as follows:

(h)     For violations of California Labor Code sections 201-204, 226.7, 1198, and 2802, one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation. The penalty amounts are established by California Labor Code

section 2699(f)(2).

(i)    For violations of California Labor Code section 226, two hundred and fifty dollars ($250) for each aggrieved employee for each pay period for the initial violation, and for each subsequent violation, one thousand dollars ($1,000) for each aggrieved employee for each pay period. The penalty amounts are established by California Labor Code section 226.3.

(j)    For violations of California Labor Code sections 510 and 512, fifty dollars ($50) for each aggrieved employee for each pay period for the initial violation, and for each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period. Defendant will be liable for civil penalties pursuant to California Labor Code section 2698 *et seq*. The penalty amounts are established by California Labor Code section 558.

(k)    For violations of California Labor Code section 1174, five hundred dollars ($500) for each aggrieved employee for the violation. Section 1174 requires Defendant to keep "payroll records showing the hours worked daily and the wages paid to ... employees ...." Defendant failed to keep payroll records showing total hours worked and wages paid to employees. Defendant will be liable for civil penalties pursuant to California Labor Code section 2698 *et seq*. The penalty amounts are established by California Labor Code section 1174.5.

(l)    For violations of California Labor Code section 1194, as relates to minimum wage, and section 1197, one hundred dollars ($100) for each aggrieved employee for the initial violation, and for each subsequent violation, two hundred and fifty dollars ($250) for each underpaid employee for each pay period. Defendant will be liable for civil

penalties pursuant to California Labor Code section 2698 *et seq*. The penalty amounts are established by California Labor Code section 1197.1(a).

123.    California Labor Code section 226.8 imposes penalties up to fifteen thousand dollars ($15,000) for each aggrieved employee who Defendant willfully misclassified. Here, Defendant willfully misclassified class members as independent contractors. The penalty amounts are established by California Labor Code section 226.8(b).

124.    California Labor Code section 226.8, imposes penalties up to twenty-five thousand dollars ($25,000) for each aggrieved employee who Defendant misclassified by having engaged and engaging in a pattern or practice of willful misclassification. Here, Defendant engaged in a pattern and practice of willfully misclassifying class members as independent contractors by, upon information and belief, misclassifying all Field Organizers as independent contractors without a legitimate factual basis, as described above. The penalty amounts are established by California Labor Code section 226.8(c).

125.    California Labor Code section 558 imposes civil penalties, in addition to any other civil or criminal penalty provided by law, upon any employer or other person acting on behalf of an employer who violates a section of Division 2, Part 2, Chapter I of the Labor Code or any provision regulating hours and days of work in any IWC Wage Order. Pursuant to Labor Code section 558, Defendant is subject to a civil penalty of (1) for an initial violation, fifty dollars $50 for each Plaintiff and PAGA class member for each pay period for which the employee was not paid appropriate overtime and/or minimum wage compensation under Labor Code sections 510, 1194, 1197, 1198, and the IWC Wage Order as alleged in this cause of action, in addition to an amount sufficient to recover underpaid wages; and (2) for each subsequent violation, one hundred dollars ($100) for Plaintiff and each underpaid employee for each pay period for which the

employee was underpaid under Labor Code sections 510, 1194, 1197, 1198, and the IWC Wage Order as alleged in this cause of action, in addition to an amount sufficient to recover underpaid wages.

126.    Under California Labor Code section 558, Defendant is subject to a civil penalty of (1) for an initial violation, fifty dollars $50 for each Plaintiff and PAGA class member for each pay period for which the employee was not provided a meal period under Labor Code sections 226.7 and 512, as alleged in this cause of action, in addition to an amount sufficient to recover underpaid wages; and (2) for each subsequent violation, one hundred dollars ($100) for Plaintiff and each underpaid employee for each pay period for which the employee was underpaid under Labor Code sections 226.7 and 512, as alleged in this cause of action, in addition to an amount sufficient to recover underpaid wages. Pursuant to California Labor Code section 2699(g), Plaintiff is entitled to an award of reasonable attorney's fees and costs in connection with her claims for civil penalties.

127.    Pursuant to California Labor Code section 2699(g), Plaintiff is entitled to an award of reasonable attorneys' fees and costs in connection with her claims for civil penalties.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the Proposed Collective, Class, and Subclasses, request judgment and the following specific relief against Defendant as follows:

(a)    That the Court determine that this action may be maintained as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure and as a collective action under 29 U.S.C. § 216(b) of the FLSA;

(b)    That Plaintiff be designated as the representative of the FLSA Collective, and the California Class and Subclasses, that Plaintiff receive an incentive award for serving as

such a representative;

(c)     That Defendant be ordered and enjoined to pay restitution to Plaintiff and the California Class due to Defendant's unlawful activities, pursuant to California state law cited above;

(d)     That Defendant be further enjoined to cease and desist from unlawful activities in violation of state laws cited above;

(e)     A declaratory judgment that Defendant has knowingly and intentionally violated the following provisions of the Labor Code and IWC Wage Order 4-2001 as to Plaintiff and Class Members:

1.  California Labor Code section 2802 by failing to indemnify Plaintiff and California Class Members for all necessary business expenses and losses;

2.  California Labor Code sections 226.7 and 512, and IWC Wage Order 4-2001 by failing to make available 30-minute, off-duty meal periods to Plaintiff and California Class Members;

3.  California Labor Code section 226.7 and IWC Wage Order 4-2001 by failing to provide 10-minute, paid, duty-free rest periods to Plaintiff and California Class Members;

4.  California Labor Code sections 510, 558, 1194 *et seq*., 1198 and IWC Wage Order 4-2001 by failing to pay overtime compensation to Plaintiff and California Class Members;

5.  California Labor Code sections 226, 226.3, 1174 and IWC Wage Order 4-2001, by failing to provide Plaintiff and California Class Members with itemized statements of total hours worked with each payment of wages and

failing to maintain payroll records of the actual hours worked;

6. California Labor Code sections 201-204, for failure to pay overtime, and meal period compensation at the time of cessation of employment, resulting in unpaid waiting time penalties, and to timely pay overtime compensation by the next pay period after which the overtime hours were worked;

7. California Labor Code section 226.8 for willfully engaging in a practice or pattern of independent contractor misclassification;

8. California Business & Professions Code sections 17200-17209, by failing to reimburse Plaintiff and California Class Members for necessary business expenses, by failing to provide off-duty meal periods and/or pay meal period compensation to Plaintiff and California Class Members, by failing to pay Plaintiff and California Class Members overtime compensation, by failing to provide Plaintiff and California Class Members with itemized wage statements showing all hours worked, by failing to maintain payroll records that document all hours worked by Plaintiff and California Class Members, and by willfully failing to pay all compensation owed to Plaintiff and California Class Members upon cessation of employment.

(f)     That Defendant's actions are found to be willful and/or in bad faith to the extent necessary under: sections 201-203 of the California Labor Code for willful failure to pay all compensation owed at the time of separation to Plaintiff and Waiting Time Penalties Subclass Members who no longer work for Defendant; and section 1174.5 for failing to maintain accurate records;

(g)     An award to Plaintiff and Class Members of damages in the amount of necessary

business expenses, unpaid overtime compensation, liquidated damages, penalties, and meal and rest period compensation, including interest thereon, subject to proof at trial;

(h)     An award of payments due to them as waiting time penalties as to those Class Members who have left Defendant's employ, pursuant to Labor Code section 203;

(i)     That Defendant be ordered to pay restitution to Plaintiff and Class Members for amounts gained through Defendant's unlawful activities pursuant to Business and Professions Code sections 17200-05 and enjoined to cease and desist from unlawful and unfair activities in violation of California Business and Professions Code section 17200 *et seq.*;

(j)     An award to Plaintiff and the Class Members of reasonable attorneys' fees and costs, pursuant to California Code of Civil Procedure section 1021.5 and California Labor Code sections 226, 1194, and 2802, and/or other applicable law; and

(k)     An award to Plaintiff and Class Members of such other and further relief, in law or equity, as this Court deems appropriate and just.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Ralph Brasington Jr., individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

Dated: May 5, 2021

RESPECTFULLY SUBMITTED,

By:  /s Jason T. Brown
_____

Jason T. Brown (PA Bar #79369)
Nicholas Conlon (will *pro hac vice*)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com